**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOHN GARBUTT and MAX DRIVE LLC,    )
    )
    Plaintiffs,    )    Civil Action No. 21-cv-628
    )    Magistrate Judge Maureen P. Kelly
    v.    )
    )    Re: ECF No. 18
MURRAY'S FREIGHTLINER,    )
    )
    Defendant.    )

## <u>MEMORANDUM OPINION</u>

Plaintiffs John Garbutt and Max Drive LLC[1] bring this breach of warranty action under the Uniform Commercial Code ("UCC") against Defendant Murray's Freightliner.  ECF No. 17. Presently before the Court is Murray's Freightliner's Motion to Dismiss.  ECF No. 18.  For the reasons below, the Motion to Dismiss is granted.[2]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania on March 23, 2021.  ECF No. 1 ¶ 1.  Defendant Murray's Freightliner removed this action to this Court on May 12, 2021 pursuant to 28 U.S.C. §§ 1331 and 1441.

Plaintiffs John Garbutt ("Garbutt") and Max Drive LLC jointly bring this action; however, their pleadings are drafted as if brought on behalf of an individual plaintiff.  ECF No. 1-2; ECF No. 17.  Garbutt and Max Drive LLC claim they are "an adult individual citizen" residing in

---

[1] This entity is referred to as Max Driver LLC in Plaintiffs' briefing relative to the instant Motion to Dismiss and in the Notice of Removal.  ECF Nos. 1 and 22.  However, this entity is identified as Max Drive LLC in the Amended Complaint and service records attached to the Amended Complaint.  ECF No. 17 at 1, 11-24.  The Court uses the spelling in the Amended Complaint.

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  ECF Nos. 12 and 13.

Mississippi, and they almost exclusively refer to themselves as a singular "Plaintiff" throughout the Complaint and Amended Complaint.  ECF No. 1-2 ¶ 1.[3]  As a result, it is unclear to what extent Plaintiffs are referring to either Garbutt and/or Max Drive LLC in their allegations.

### A.  Plaintiff's Original Complaint

As pleaded in Plaintiffs' original Complaint, "Plaintiff" purchased a 2016 Freightliner Cascadia (the "Vehicle") on or about August 7, 2015 in Pennsylvania for $175,212.09.  Id. ¶¶ 3-5.  Plaintiffs claim that Murray's Freightliner manufactured and warranted the Vehicle.  Id. ¶ 3.  In exchange for the purchase, Murray's Freightliner allegedly "issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications."  Id. ¶ 6.  Plaintiffs allege that the "parties' bargain" included "an extended warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual."  Id. ¶ 8.

An alleged copy of the purchase contract for the Vehicle is attached as Exhibit "A" to Plaintiffs' Complaint.  Id. ¶ 5.  However, Exhibit A is not a purchase contract dated August 7, 2015.  Instead, it is a "lease purchase agreement" for a 2016 Freightliner Cascadia, dated July 15, 2019.  Id. at 13-20.  The agreement is between lessor Wasatch Leasing, LLC and lessee John Garbutt Jr., and it is stamped "[t]his chattel paper has been assigned to Mercedes-Benz Financial Service USA LLC or Daimler Trust . . . ."  Id.  Murray's Freightliner is not identified as a party to the agreement.

During the unspecified "warranty period," "Plaintiff" complained of defects or non-conformities in the Vehicle.  Id. ¶ 10.  On August 4, 2020, "Plaintiff" took the Vehicle to Murray's

---

[3] In their Amended Complaint, Plaintiffs state they are "an adult individual citizens" [sic].  ECF No. 17 ¶ 1.

Freightliner in DuBois, Pennsylvania for service.  Id.  Technicians pulled the transmission to repair the clutch, which cost $7,100.00.  Id.

On August 26, 2020, "Plaintiff" returned the Vehicle to Murray's Freightliner because parts that were fixed on August 4, 2020 began smoking and the Vehicle was experiencing issues going into gear. [4] Id.  Technicians at Murray's Freightliner checked the Vehicle, but they did not identify any needed repairs.  Id.

The next day, "Plaintiff" took the Vehicle to the next Freightliner dealership on his route, Fyda Freightliner of Youngstown, Pennsylvania, for a second opinion.  Id.  Technicians at this location identified and repaired leaks in the Vehicle that Murray's Freightliner had not been able to identify.  Id.

On November 18, 2020, the Vehicle clutch "burst into pieces causing damage to the bell housing and transmission."  Id.  The Vehicle was towed to Velocity Freightliner in Flagstaff, Arizona, where it was repaired.  Id.

Plaintiffs claim that technicians at Murray's Freightliner caused this damage by incorrectly installing the pilot bearing, and that they also improperly stripped the screws and used an adhesive to keep the screws in place.  Id.  After being notified of the damage to the Vehicle, Murray's Freightliner allegedly "falsely edited their technician's notes about the repair."  Id.  Plaintiffs claim they incurred damages of $71,285.00 as a result of the improperly installed parts.  Id.  In addition, they claim the Vehicle continues to "exhibit defects and nonconformities, which substantially impairs its use, value and/or safety."  Id. ¶ 11.

---

[4] Max Drive LLC is identified as the bill-to-customer and owner in service estimate and invoices that Plaintiffs have appended to the Complaint.  ECF No.1-2 at 22-35.

Based on these allegations, Plaintiffs asserted claims for breach of the Magnuson-Moss Warranty Act ("MMWA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  ECF No. 1-2.

**B.  Prior Motion to Dismiss**

Murray's Freightliner moved to dismiss the original Complaint.  ECF No. 6.  Upon consideration of the parties' submissions, the Court granted the Motion to Dismiss on August 10, 2021.  ECF Nos. 14 and 15.  As to the MMWA claim, the Court held that Plaintiffs failed to state a claim because (1) the vehicle at issue was not a "consumer product" subject to the MMWA; and (2) Plaintiffs did not plead facts establishing a breach of warranty.  ECF No. 14 at 5-9.  In holding that Plaintiffs failed to plead breach of warranty, the Court explained:

> Upon review, Plaintiffs do not sufficiently plead any underlying breach of warranty under state law.  In order to state a claim for breach of express warranty, a plaintiff must allege: "(1) that the defendant made an affirmation of fact or description of its goods; (2) that the statement formed part of the basis of the bargain between the parties; and (3) that the product failed to conform with the affirmation or description."  In re Shop-Vac Mktg. & Sales Practices Litig., 964 F. Supp. 2d 355, 362 (M.D. Pa. 2013).
>
> In this case, Plaintiffs' Complaint lacks factual allegations to support the existence of a breach of express warranty.  Although Plaintiffs vaguely aver that Murray's Freightliner issued various warranties in connection with Plaintiffs' purchase of the vehicle in 2015, they do not identify any specific affirmation or promise at issue, or the source of the express warranty.  See ECF No. 1-2 ¶¶ 6-8.[4]  This is insufficient to state a claim.  See Kester v. Zimmer Holdings, Inc., No. 2:10-cv-00523, 2010 WL 2696467, at *10-11 (W.D. Pa. June 16, 2010); see also Schiff v. Hurwitz, No. 12-cv-0264, 2012 WL 1828035, at *6 (W.D. Pa. May 18, 2012) ("Absent a demonstration that a promise or affirmative statement was made, how or by whom the promise was made, and what was in fact promised, a claim for breach of express warranty is not sufficiently plead.") (citations omitted).
>
> Plaintiffs do not clarify in their Response.  Instead, Plaintiffs argue that Murray's Freightliner did not correct "issues resulting from the malfunction of the product they sold which were covered by Murray's applicable warranty," again, without identifying the source, nature, or content of this purported warranty.  ECF No. 9 at 6.  Although Plaintiffs broadly refer the Court to copies of repair orders from Murray's Freightliner, the Court cannot locate any purported written warranty in

those documents.    To the contrary, Murray's Freightliner issued the following disclaimer of warranties:

> The undersigned purchaser understands and agrees that dealer makes no warranties of any kind, express or implied, and disclaims all warranties, including warranties of merchantability or fitness for a particular purpose . . . .

Id. at 29.

Plaintiffs also fail to plead facts in support of a claim for breach of any implied warranty.  Under Pennsylvania law:

> Both the implied warranty of merchantability and the warranty of fitness for a particular purpose arise by operation of law and serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose. Vlases v. Montgomery Ward & Co., 377 F.2d 846, 849 (3d Cir. 1967).  In order to be merchantable, goods must be "fit for the ordinary purposes for which such goods are used." 13 Pa.C.S.A. § 2314(b)(3).  The warranty of fitness for a particular purpose is more exacting.  It requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise.  In that case, the goods are implicitly warranted to be fit for that particular purpose.  13 Pa.C.S.A. § 2315.  To establish a breach of either warranty, plaintiffs must show that the equipment they purchased from defendant was defective.

Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1992).

Plaintiffs' Complaint is devoid of factual allegations to support either claim.  In Count I, Plaintiffs claim that Murray's Freightliner failed to comply with written warranties and make reasonable repairs.  As a result of Murray's Freightliner's botched repair, Plaintiffs suffered damages.   Plaintiffs do not plead facts demonstrating that the Vehicle, which required some repair five years after purchase, was supplied with defects.

As to the implied warranty of fitness for a particular purpose, Plaintiffs do not plead that Murray's Freightliner sold the Vehicle—let alone that Murray's Freightliner had reason to know of Plaintiffs' anticipated use of the Vehicle and that Plaintiffs relied upon its expertise.  In their Complaint, Plaintiffs claim that Murray's Freightliner "manufactured and warranted" the Vehicle, and Murray's Freightliner is not a party to the alleged purchase contract on which Plaintiffs rely.  Based on this, the Court finds Plaintiffs do not plead any underlying breach of warranty claim, and therefore do not state a claim under the MMWA.  As a result, the Motion to Dismiss is granted as to Count I.

5

<hr>

    4.  As Murray's Freightliner points out, the Complaint also does not reflect that Plaintiffs purchased the Vehicle from Murray's Freightliner.  Although Plaintiffs purport to provide a "true and correct copy" of the purchase contract, as discussed, the only agreement attached is a lease purchase agreement dated 2019, to which Murray's Freightliner is not a party.  Plaintiffs do not address this issue in their Response in opposition to the Motion to Dismiss.

Id. at 8-10.

    The Court also dismissed the UTPCPL claim, holding that Plaintiffs did not plead they purchased or leased any goods or services at issue "primarily for personal, family, or household purposes," as required to bring a private cause of action under the UTPCPL.  Id. at 12.

    The Court permitted Plaintiffs to amend their pleadings on or before August 24, 2021, to the extent they could correct the pleading deficiencies identified in the Court's Memorandum Opinion.  ECF No. 15.

### C. Amended Complaint

    Two days after the issuance of the Memorandum Opinion, Plaintiffs filed an Amended Complaint.  ECF No. 16.  On August 17, 2021, Plaintiffs subsequently filed a corrected version of their Amended Complaint to resolve errors in their filing.  ECF No. 17.[5]

    Plaintiffs' Amended Complaint contains nearly identical factual allegations to their original Complaint.  Id.[6]  Again, Plaintiffs inexplicably rely on a 2019 lease purchase agreement, to which Murray's Freightliner is not a party, in support of their claim that Plaintiffs purchased the

<hr>

[5] On August 20, 2021, the parties filed a stipulation indicting that Plaintiffs agreed to strike their request for attorneys' fees and treble damages as set forth in the Amended Complaint.  ECF No. 20.

[6] Based upon the Court's review, the factual allegations section of Plaintiffs' Amended Complaint appears to be identical to their original Complaint, with the exception of Plaintiffs' removal of references in error to the Pennsylvania Lemon Law and continued defects in violation of that law; now claiming that Plaintiffs are jointly "an adult individual citizens [sic] and legal residents of the State of Mississippi"; changing one reference from the singular "Plaintiff" to "Plaintiffs," and making several minor wording changes in paragraph 10.  Compare ECF No. 1-2 ¶¶ 1, 5, 9, 10 and 11 with ECF No. 17 ¶¶ 1, 5, 9, 10.

Vehicle on August 7, 2015 and that Murray's Freightliner issued unspecified warranties "[i]n consideration for the purchase of said vehicle." Id. ¶¶ 3-6; ECF No. 17-1 at 1-9.

However, instead of asserting claims under the MMWA and UTPCPL, Plaintiffs assert a single claim for violations of the UCC. Id. at 3. Based on the same factual allegations the Court previously held did not state a breach of warranty, Plaintiffs assert that the "defects and nonconformities existing with the vehicle constitute a breach of contractual and statutory obligations of Defendant," including breach of express warranty; breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose. Id. ¶ 13. Plaintiffs claim they relied on Murray's Freightliner's warranties, and they incurred damages as a result of its failure to honor those warranties.

### D.  The Second Motion to Dismiss

Murray's Freightliner filed the instant Motion to Dismiss and Brief in Support on August 20, 2021. ECF Nos. 18 and 19. Plaintiffs filed a Response on September 9, 2021. ECF No. 22. On September 10, 2021, Plaintiffs refiled this submission as two separate documents to correct filing errors. ECF Nos. 23 and 24.

The Motion to Dismiss is ripe for consideration.

## II.   LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143

(3d Cir. 2004) (citing <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions set forth as factual allegations.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u> (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>see also</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under <u>Twombly</u>, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III.    DISCUSSION

### A.  Murray's Freightliner's Motion to Dismiss

In support of the instant Motion to Dismiss, Murray's Freightliner argues that Plaintiffs fail to state a claim.  ECF No. 19.  Murray's Freightliner points out that Plaintiffs rely on substantially the same allegations this Court has already found did not support a breach of warranty claim.  <u>Id.</u> at 2.  In particular, as to any purported breach of express warranty, Murray's Freightliner argues that Plaintiffs' Complaint lacks any factual averments to support the fact that an express warranty was ever given, let alone to establish a *prima facie* case for breach of express warranty.  <u>Id.</u> at 5-7.

As to Plaintiffs' implied warranty claims, Murray's Freightliner argues that Plaintiffs fail to plead facts demonstrating they purchased the Vehicle from Murray's Freightliner, let alone that they purchased a defective vehicle, or that Murray's Freightliner had reason to know of Plaintiffs' "particular purpose" and that Plaintiffs were relying upon Murray's Freightliner's expertise. Id. at 7-8. Plaintiffs simply rely upon boilerplate allegations, it argues, which are insufficient to state a claim. Id. at 8-9.

Murray's Freightliner also argues that Plaintiffs' claim is barred by the statute of limitations. Plaintiffs claim they purchased the Vehicle on or about August 7, 2015. Id. at 10. Under the UCC, it argues, there is a four-year statute of limitations from the date when tender of delivery was made. Id. at 9-10. Based on this, Murray's Freightliner asserts that Plaintiffs' claim is barred by the statute of limitations.

**B. Plaintiffs' Response**

In their Response, ECF No. 24, Plaintiffs do not dispute they have failed to plead any breach of express warranty, or that their claim is barred by the statute of limitations.

With respect to the implied warranty of merchantability, Plaintiffs argue that Murray's Freightliner sold the Vehicle with defects in both "mechanics and title."[7] Id. at 3. Plaintiffs also argue that Murray's Freightliner breached an implied warranty of fitness for a particular purpose, because the Vehicle "exhibited defects shortly after sale rendering it un-merchantable," and it is currently suffering from "defect in both mechanics and title," broadly referring the Court to Plaintiffs' pleadings and an "expert report" that has not been provided.

---

[7] Despite Plaintiffs' repeated reference to alleged defects in title here, Plaintiffs do not plead any facts regarding alleged defects in title in their Amended Complaint. ECF No. 17. Plaintiffs also incorrectly state that they are asserting claims under the MMWA and UTPCPL, that they have alleged the Vehicle had "issues regarding start/stop inoperable," and they refer the Court to a non-existent expert report in support of their claims. Id. at 1-3.

### C.  Legal Analysis

Upon review, Plaintiffs fail to state a claim in their Amended Complaint.  In Count I, Plaintiffs claim that Murray's Freightliner is liable for breach of express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose under the UCC.  ECF No. 17 ¶¶ 12-17.  As discussed, the Court previously held that Plaintiffs did not sufficiently plead any underlying breach of warranty in their original Complaint.  ECF No. 14 at 8-10.  Because Plaintiffs rely upon the same factual allegations in their Amended Complaint, the same conclusion applies.

#### 1.  Breach of express warranty

Regarding the breach of express warranty claim, Plaintiffs do not plead any specific affirmation or promise at issue, and do not identify the source of the express warranty.  As this Court previously held, this is insufficient to state a claim.  ECF No. 14 at 8-9.  Plaintiffs also do not dispute they have failed to state such a claim in their Response.  Therefore, the Court finds that Plaintiffs do not state a claim for breach of express warranty in their Amended Complaint.

#### 2.  Breach of implied warranties

Under Pennsylvania law, the implied warranties of fitness for a particular purpose and merchantability "arise by operation of law and serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose."  Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1992).  As the Court previously explained:

> In order to be merchantable, goods must be "fit for the ordinary purposes for which such goods are used." 13 Pa.C.S.A. § 2314(b)(3).  The warranty of fitness for a particular purpose is more exacting.  It requires that the seller had reason to know of the buyer's particular purpose at the time of contracting and that the buyer was relying on the seller's expertise.  In that case, the goods are implicitly warranted to be fit for that particular purpose. 13 Pa.C.S.A. § 2315.  To establish a breach of

either warranty, plaintiffs must show that the equipment they purchased from defendant was defective.

ECF No. 14 at 9 (quoting <u>Altronics</u>, 957 F. 2d at 1105).

Upon review, given that Plaintiffs rely on the same factual allegations as their original Complaint, the Court again finds that Plaintiffs do not state a claim for breach of any implied warranty. As discussed, Plaintiffs do not plead facts demonstrating the "equipment they purchased from defendant was defective." <u>Id.</u>

Although Plaintiffs argue that the Vehicle sold by Murray's Freightliner exhibited defects shortly after sale, rendering it inoperable, this is simply not supported by the allegations in their Amended Complaint. <u>See</u> ECF No. 24 at 2-3. Instead, Plaintiffs claim they purchased the Vehicle on August 7, 2015, and it did not require repairs until August 4, 2020—approximately 5 years later.[8] ECF No. 17 ¶ 10.

At that time, Plaintiffs drove the Vehicle to Murray's Freightliner, where they claim the technicians botched the repair. As a result of those improper repairs, Plaintiffs claim the Vehicle became inoperable approximately three months later, and they suffered damages:

> On August 4, 2020, Plaintiff took his 2016 Freightliner Cascadia to Murray's Freightliner in Du Bois, PA. The dealership pulled the transmission to repair the clutch and made a repair costing $7,100.00 . . . . On November 18, 2020, the clutch burst into pieces causing damage to the bell housing and transmission. The truck had to be towed to the nearest Freightliner, which was Velocity Freightliner of Flagstaff, AZ. Velocity Freightliner delicately took apart the whole transmission where they ***found the reason the bell housing twisted and fell apart was due to the pilot bearing not being installed correctly which was done at Murray's Freightliner***. After being notified of the severe damage to the vehicle, Murray's Freightliner falsely edited their technicians notes about the repair. ***Not only did they not install the part correctly it appears they stripped the screws and used an adhesive to keep the screws in place. The damages accrued as a result of parts not being installed correctly is $71,285.00.***

---

[8] Although Plaintiffs vaguely claim that, "during the warranty period," they "complained about defects and or non-conformities," they only specifically refer to repairs required August 4, 2020 and later and do not identify what the alleged "warranty period" refers to. ECF No. 17 ¶ 10.

Id. (emphasis added).

According to Plaintiffs' Amended Complaint, then, the reason they suffered damages is because Murray's Freightliner botched a repair five years after the Vehicle was sold—not because Murray's Freightliner supplied the Vehicle with defects.  Indeed, Murray's Freightliner is not even a party to the purported "sales" contract for the Vehicle.[9]

As to the implied warranty of fitness for a particular purpose, there are no allegations that Murray's Freightliner had reason to know of Plaintiffs' particular purpose, or that Plaintiffs were relying on its expertise.  For these reasons, Plaintiffs fail to state a claim for breach of implied warranty of merchantability or fitness for a particular purpose.

Further, it is undisputed that Plaintiffs' implied warranty claims are barred by the statute of limitations.[10]  The statute of limitations for breach of implied warranty is four years from the date the seller tenders the goods to the original purchaser.  Webb v. Volvo Cars of N.A., LLC, No. 13-2394, 2018 WL 1470470, at *8 (E.D. Pa. Mar. 26, 2018) (citing 13 Pa. C.S. §§ 2725(a) & (b)). Here, Plaintiffs claim they purchased the Vehicle on August 7, 2015.  ECF No. 17 ¶ 3.  They did not bring this action until over five years later, however, on March 23, 2021.  ECF No. 1 ¶ 1.  Thus, Plaintiffs' implied warranty claims are also barred by the statute of limitations.  Based on the

---

[9] As discussed, the purported sales contract Plaintiffs refer the Court to is, instead, a 2019 lease purchase agreement between Wasatch Leasing, LLC and John Garbutt Jr.  Murray's Freightliner is not a party to this lease purchase agreement.

[10] Murray's Freightliner argues that all of Plaintiffs' warranty claims, including breach of express warranty, are barred by the statute of limitations.  ECF No. 19 at 9-10.  Under 13 Pa.C.S.A. § 2725(b), "a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."  Because Plaintiff does not identify the express warranty at issue, the Court is unable to determine, based on the face of the Amended Complaint, whether the time for performance was extended.  See McPhee v. DePuy Orthopedics, Inc., 989 F. Supp. 2d 451, 464-65 (W.D. Pa. 2012).  Therefore, the Court does not conclude Plaintiffs' breach of express warranty claim is barred by the statute of limitations.

foregoing, the Motion to Dismiss is granted, and Plaintiffs' claim for breach of warranties under the UCC at Count I is dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 18, is granted.  "If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

The Court has already provided Plaintiffs with an opportunity to amend their pleadings to the extent they could cure the deficiencies this Court identified, which they have failed to do. However, the Court cannot state with certainty that Plaintiffs would be unable to state a claim arising out of the allegedly improper repairs performed by Murray's Freightliner.

Out of an abundance of caution, the Court will permit Plaintiffs one final opportunity to plead a claim relative to the allegedly deficient repairs performed by Murray's Freightliner in 2020. If Plaintiffs fail to cure the deficiencies, the Court may dismiss Plaintiffs' claims with prejudice.

An appropriate Order will be entered.


Dated:  September 28, 2021                      BY THE COURT:

                                                *Maureen P. Kelly*
                                                MAUREEN P. KELLY
                                                UNITED STATES MAGISTRATE JUDGE



cc:     All counsel of record via CM/ECF.